**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WENDY REBECA RIVAS-ESQUIVEL, | No. 17-73018 |
| Petitioner, | Agency No. A099-631-179 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2019[**]

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Wendy Rebeca Rivas-Esquivel, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's decision denying her motion to reopen

removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C.

§ 1252. We review for abuse of discretion the denial of a motion to reopen, and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Rivas-Esquivel's motion to reopen based on lack of notice, where the record indicates that she was personally served the notice of hearing in court on February 20, 2007. *See* 8 U.S.C. § 1229a(b)(5)(A), (C)(ii). Rivas-Esquivel's contentions that the BIA ignored her arguments or engaged in impermissible factfinding are not supported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (holding the BIA adequately considered evidence and sufficiently announced its decision); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

Rivas-Esquivel has failed to show that the BIA erred or violated due process in declining to hold her case in abeyance. *See Lata*, 204 F.3d at 1246. Rivas-Esquivel cites no authority to support her contention that a request to hold in abeyance an appeal of an IJ's denial of a motion to reopen requires a good cause determination under 8 C.F.R. § 1003.29.

**PETITION FOR REVIEW DENIED.**

17-73018